Thomas A. BAGGETT,
Plaintiff-Appellant,

v.

DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF PILOT COMMISSIONERS, Defendant-Appellee.

No. 82–5730.

United States Court of Appeals,
Eleventh Circuit.

Oct. 17, 1983.

C. Steven Yerrid, Holland & Knight, Gregg D. Thomas, Tampa, Fla., for plaintiff-appellant.

William Ewers, Coral Springs, Fla., for defendant-appellee.

Before HILL and HATCHETT, Circuit Judges, and HAYNSWORTH *, Senior Circuit Judge.

HAYNSWORTH, Senior Circuit Judge:

The question before us is the applicability of one of the abstention doctrines to an action in the district court in which the plaintiff sought an injunction against the prosecution of state administrative disciplinary proceedings based upon allegations of conduct committed within the exclusive regulatory jurisdiction of the Coast Guard. The district court concluded that abstention was appropriate and dismissed the complaint. We conclude that abstention was inappropriate and reverse.

I.

Plaintiff was a marine pilot, holding both state and federal licenses. Both licenses were necessary if he was to be available for service upon both enrolled and registered vessels navigating in Tampa Bay, Florida. Pilotage of enrolled vessels is exclusively controlled by federal regulations, while pilo-

* Hon. Clement F. Haynsworth, Jr., U.S. Circuit Judge for the Fourth Circuit, sitting by designa-

tion.

tage of registered ships is controlled by the states.[1]

Florida's Department of Professional Regulation, through its Board of Pilot Commissioners, filed an administrative complaint against the plaintiff. It alleged that the plaintiff was intoxicated while piloting the tug Sheila Moran and the barge Carribean into Tampa Bay Harbor and that, because of his intoxication, his pilotage was faulty. The tug and the barge are enrolled vessels, the pilotage of which is subject to the exclusive control of the United States.

The district court recognized that piloting of the tow was subject exclusively to federal regulation and that the federal statutes and regulations preempted state regulation of such pilotage. The court assumed that *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), was applicable. It looked to the exceptions of the *Younger* abstention doctrine as stated in *Duke v. Texas,* 477 F.2d 244 (5th Cir.1973), and concluded that the plaintiff had failed to show that he would suffer irreparable injury if the state disciplinary proceedings were allowed to proceed and that the state statutes and procedures provided an adequate state forum within which he might assert his federal preemption claim.

## II.

■ The terms of 46 U.S.C. §§ 215 and 364 are exclusive. Enrolled vessels navigating the waters of the United States must be under the control and direction of pilots licensed by the Coast Guard, and no state may impose any other requirement upon them. Thus, it was specifically held in *Ray v. Atlantic Richfield Co.,* 435 U.S. 151, 158, 98 S.Ct. 988, 994, 55 L.Ed.2d 179 (1978), that the state of Washington could not impose a

requirement of state licensure upon pilots of enrolled oil tankers. The situation is somewhat different here, for Florida is not seeking to impose its state licensure requirements upon pilots of enrolled vessels, but is seeking to impose its substantive regulations governing the conduct of state licensed pilots upon such pilots when operating under their federal licenses. This obviously presents a potential conflict between federal and state statutes and regulations. From an administrative point of view, a pilot operating under his federal license ought not to be subject to state disciplinary proceedings when his conduct conforms to federal regulations.[2]

## III.

■ *Younger* does not automatically require abstention in every action seeking to enjoin a pending state proceeding in which a federal defense may be asserted. The Supreme Court stated as much in *Moore v. Sims,* 442 U.S. 415, 423, n. 8, 99 S.Ct. 2371, 2377, n. 8, 60 L.Ed.2d 994 (1979), where it specifically disclaimed even a remote suggestion that the *Younger* principle was applicable in every such case unless one of the explicit *Younger* exceptions was present. It is necessary to consider and weigh the nature and importance of the state's interests at stake and those of the nation's interests, and those matters must be viewed in the light of the issues to be resolved in the state proceeding.

Florida has an important interest in insuring that state licensed marine pilots do not navigate registered vessels in a dangerous manner. Congress, however, has determined that the United States has an identical interest in insuring safe pilotage of enrolled vessels, and that the states should not

---

1. Ships engaged in trade with foreign lands are "registered," a documentation procedure pursuant to the Act of December 31, 1792, 1 Stat. 287, now codified in 46 U.S.C. § 2. Vessels engaged in domestic or coastwise trade or used for fishing are "enrolled" under procedures established by the Enrollment and Licensing Act of February 18, 1793, 1 Stat. 305, codified in 46 U.S.C. § 12.

2. It will not be supposed that the federal regulations would authorize the kind of conduct charged in Florida's administrative complaint, but the potential for conflict is present. Moreover, if the Coast Guard has determined that there is no factual basis for disciplinary action arising out of the conduct of a pilot operating under a federal license, those facts ought not to be subject to redetermination in a state administrative proceeding.

interfere with federal enforcement of its requirements of pilots operating under federal licenses.

■ Baggett was not attempting to defend himself against otherwise valid and proper state charges on the basis that the charges themselves, or their prosecution, violated some First Amendment or other federally protected right of his. The assertion of preemption went to the jurisdiction and power of the state administrative agency to proceed at all, and Florida has no interest in having her administrative agencies prosecute disciplinary complaints that the administrative agency has no jurisdiction to initiate. By its assertion of exclusive jurisdiction to control the pilotage of enrolled vessels, the Congress has decreed, in effect, that no deference is due state proceedings which would entrench upon the exclusive federal domain.

In *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982), the Supreme Court approved abstention when a federal plaintiff sought an injunction against prosecution of state disciplinary charges against a member of its bar. There, however, it was found that the disciplinary proceedings had been initiated by a committee acting as an arm of the state supreme court so that, in effect, it was a state judicial proceeding, implicating concerns of primary importance to the state. The state, of course, plays the primary role in regulating the conduct of lawyers and in imposing sanctions for ethical misconduct. In *Middlesex* there was an assertion of a federal defense based upon a First Amendment claim of the right of free speech, but the subject matter of the proceeding was one vested almost exclusively in the state judicial system. That is far from the situation here in which, given preemption by the federal statutes, the state's administrative agency had no competence to proceed.

■ It would be an overstatement to suggest that when the federal question is one of preemption, abstention under the principle of *Younger v. Harris* is never appropriate. When preemption is readily ap-

parent, however, and, because of preemption, the state tribunal is acting beyond the lawful limits of its authority, abstention can serve no principle of comity or of "our federalism." *Empire, Inc. v. Ashcroft,* 524 F.Supp. 898 (W.D.Mo.1981).

■ Abstention under the doctrine of *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), is equally inappropriate. When, because of preemption, a particular state proceeding is beyond its regulatory authority, the need for protection of the state's comprehensive regulatory scheme, to the extent that it is legitimate, lends no support for abstention and the denial of a federal injunction. *See International Brotherhood of Electrical Workers v. Public Service Commission,* 614 F.2d 206 (9th Cir.1980).

*See generally* C. Wright, Federal Courts §§ 52, 52A (4th Ed.).

### IV.

For these reasons, the order dismissing the complaint is reversed and the case is remanded to the district court with instructions to issue an appropriate injunction.

REVERSED and REMANDED.

HATCHETT, Circuit Judge, dissenting.

I respectfully dissent. For the reasons stated in the district court opinion, *Younger* abstention is appropriate in this case. Bearing in mind the importance that the Supreme Court places on principles of federalism and comity, *Younger* and its progeny teach that a federal court should err on the side of abstention unless there are compelling circumstances present. In accordance with this interpretation, the Fifth Circuit in *Duke v. Texas,* 477 F.2d 244 (5th Cir.1973), stated that two express conditions must be present before a federal plaintiff may be granted injunctive relief. First, the plaintiff must show that he will suffer irreparable injury if the federal court abstains. Second, he must show that he does not have an adequate remedy at state law. As discussed in the district court opinion, these conditions are not present in this case.

The majority relies upon *Moore v. Sims,* 442 U.S. 415, 423 n. 8, 99 S.Ct. 2371, 2377 n. 8, 60 L.Ed.2d 994, 1003 n. 8 (1979), for the position that abstention may be inappropriate even though none of the explicit *Younger* exceptions are present. Although the language in *Moore* arguably narrows the *Younger* abstention doctrine, one must look at the case in its entirety. In *Moore,* the Supreme Court held that abstention *was* proper based on reasons which are applicable to this case. Regarding the principle of comity, the Court noted that the state was a party to the case. The State of Florida is similarly involved in this case. The Court stated that abstention is appropriate unless state law clearly bars the interposition of constitutional claims. *Moore,* 442 U.S. at 425–26, 99 S.Ct. at 2378–79, 60 L.Ed.2d at 1004–1005. As discussed by the district court, the preemption issue can be raised in the state proceeding.

The majority reasons that *Younger* abstention is inappropriate due to the fact that federal preemption is readily apparent; because the state tribunal will be acting beyond the lawful limits of its authority, abstention is not necessary to serve principles of comity. I find preemption to be far from apparent in this situation. Although the State of Florida can neither impose conditions upon, nor regulate, the pilotage of federally-enrolled vessels, the State does have authority to regulate the receipt and continued validity of state licenses. State action against a pilot's state license in no way affects the status of that pilot's federal license. Consequently, there is a strong argument that federal preemption does not necessarily bar state proceedings against a state license for misconduct which occurred on a federally-enrolled vessel. Because the issue of preemption can be dealt with in the state proceeding, abstention is appropriate in this case.