**CHAMPION INTERNATIONAL CORPORATION,**
Plaintiff-Appellant,

v.

**Margery H. BROWN, et al.,**
**Defendants-Appellees.**

No. 83–4070.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 1984.

Decided April 26, 1984.

Robert E. Sheridan, Garlington, Lohn & Robinson, Missoula, Mont., Bruce A. Hoffman, Graydon, Head & Ritchey, Cincinnati, Ohio, for plaintiff-appellant.

Edward A. Murphy, Datsopoulos, MacDonald, & Lind, Missoula, Mont., Annie L. MacIntyre, Helena, Mont., for defendants-appellees.

Before: WRIGHT, GOODWIN, and NORRIS, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

The Montana Human Rights Commission (MHRC) found portions of Champion's pension plan to be in violation of Montana's age discrimination laws. Champion filed for relief, first with the federal district court and later with the Montana state court. They claimed that the applicable provision of the Montana age discrimination law had been preempted under section 514(a) of the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1144(a) (ERISA) and lacked original jurisdiction. Invoking *Younger* abstention, the federal district court dismissed. Champion appeals from that dismissal.

FACTS

Champion's pension plan provides for no credited service for the time a retiree works after he reaches age 65. The plan is in compliance with ERISA provisions and the treasury regulations interpreting them. *See* 29 U.S.C. § 1054(b)(1)(C), 29 U.S.C. § 1002(24), 26 C.F.R. § 1.411(b)(1), (b)(3)(ii)(C). A Champion retiree, who worked until he was 70, filed an action with the MHRC claiming age discrimination because he had received no credit for his service between ages 65 and 70.

The MHRC, rejecting Champion's contention that it lacked jurisdiction because ERISA preempted the pension plan area, found Champion in violation of Montana age discrimination laws. It ordered Champion to credit the retiree's account for his service beyond 65 and to cease administering the plan in violation of Montana law.

Champion sought injunctive and declaratory relief from the MHRC order in federal district court. Two weeks later, Champion filed an appeal in state court. The federal district court then dismissed the action under the *Younger* doctrine.

JURISDICTION

■ The district court properly found that it had subject matter jurisdiction. Where an appellant seeks to enjoin enforcement of an order on the basis of preemption, the court has federal question jurisdiction. *See Shaw v. Delta Air Lines, Inc.,*

—— U.S. ——, 103 S.Ct. 2890, 2899 n. 14, 77 L.Ed.2d 490 (1983); 28 U.S.C. § 1331.

## ABSTENTION

■ Federal courts have an unflagging obligation to exercise their jurisdiction. *Miofsky v. Superior Court,* 703 F.2d 332, 338 (9th Cir.1983). Balanced against this obligation is a strong federal policy against interference with pending state judicial proceedings. *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). That policy rests on notions of comity and respect for state functions and was born of the concern that federal court injunctions might unduly hamper state criminal prosecutions. *Id.* at 44, 91 S.Ct. at 750. *Younger* requires federal courts to abstain from exercising jurisdiction in certain actions when proceedings are pending in state court.

The doctrine of abstention is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959) (quoted in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976)). The courts have not extended the *Younger* doctrine to apply to civil cases generally. *See Miofsky v. Superior Court,* 703 F.2d at 337.

■ The Supreme Court set out a three-pronged test for determining whether *Younger* abstention is appropriate in a civil proceeding in *Middlesex County Ethics Committee v. Garden State Bar Ass'n,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). Abstention is appropriate if (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions. *Id.* at 432, 102 S.Ct. at 2521–22. Because no important state interest is implicated here, we need not consider the other elements of the test.

## SIGNIFICANT STATE INTEREST

Montana claims that two important state interests are implicated here: (1) regular operation of the state's administrative and judicial processes, and (2) enforcement of state laws against age discrimination.

■ It has not shown that a federal injunction against enforcement of the Commission order would constitute a substantial infringement on Montana's administrative and judicial processes. All refusals to abstain involve some potential interference in those processes.

When the Court has found that interference with judicial proceedings alone justified abstention, that interference has been substantial. For example, in *Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977), the appellant sought to have the state's statutory contempt processes enjoined as unconstitutional. In *Trainor v. Hernandez,* 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977), the appellant sought to have the state statutory attachment scheme declared unconstitutional. Here the appellant challenges only one Commission order, not the whole procedure. This is not a substantial enough interference with Montana's administrative and judicial processes to justify abstention.

■ Montana's claim that it has a substantial interest in enforcing its state laws against age discrimination is also without merit. Section 514(a) of ERISA states that ERISA preempts, "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). A law "relates to" an employee benefit plan if it has a connection with or reference to such a plan. *Shaw,* 103 S.Ct. at 2900. The Supreme Court in *Shaw* held that human rights laws, insofar as they prohibit practices that are lawful under ERISA, are preempted. Montana's age discrimination law is preempted to the extent it conflicts with ERISA-authorized provisions of Champion's pension plan.

Strong policy reasons support preemption here. Congress has shown clearly its interest in uniform regulation of pension

plans and its intention "to establish pension plan regulation as exclusively a federal concern." *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981) (footnote omitted); *see Russell v. Massachusetts Mutual Life Insurance Co.*, 722 F.2d 482 (9th Cir. 1983). It enacted broad preemption provisions to save employers from conflicting and inconsistent state and local regulation of employee benefit plans. 120 Cong.Rec. 29933 (1974) (remarks of Sen. Williams). *See Shaw*, 103 S.Ct. at 2904. ERISA minimizes the need for interstate employers to administer their plans differently in each state in which they have employees. *Shaw*, 103 S.Ct. at 2904.

Montana argues that its age discrimination law is not preempted because it is necessary to enforce the federal laws against age discrimination in employment. Section 514(d) of ERISA provides that section 514(a) shall not be "construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States." 29 U.S.C. § 1144(d). The federal Age Discrimination in Employment Act (ADEA) provides that nothing contained in that Act shall affect jurisdiction of a state agency enforcing age discrimination laws. 29 U.S.C. § 633.

■ Montana argues that the ADEA requires that state agencies be allowed to enforce state age discrimination laws and that interference with their enforcement would impair federal law. An analogous argument was expressly rejected in *Shaw*, 103 S.Ct. at 2902–04. Montana has no cognizable state interest in enforcing those age discrimination laws that are preempted by federal law.

CONCLUSION

Montana has failed to show that a significant state interest is at stake here. The district court abused its discretion in ordering abstention. We reverse and remand.