**FORE WAY EXPRESS, INC., Plaintiff,**

v.

**STATE OF WISCONSIN DEPARTMENT OF INDUSTRY, LABOR AND HUMAN RELATIONS, et al., Defendants.**

No. 87–C–59.

United States District Court,
E.D. Wisconsin.

May 14, 1987.

Krukowski & Costello by Alan E. Seneczko, Milwaukee, Wis., for plaintiff.

Donald J. Hanaway, Atty. Gen., Wisconsin Dept. of Justice, by David C. Rice, Asst. Atty. Gen., Madison, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

Fore Way Express, Inc., brings this action for declaratory and injunctive relief pursuant to the Motor Safety Carrier Act, 49 U.S.C. § 11301 *et seq.* and the regulations promulgated thereunder; the Hazardous Materials Transportation Act, 49 U.S.C. § 1801 *et seq.* and the regulations promulgated thereunder; the Labor Management Relations Act, 29 U.S.C. § 185; and the United States Constitution, art. VI, cl. 2 (the supremacy clause), and art. I, § 8 (the commerce clause). The suit was initiated after the Equal Rights Division (ERD) of the Wisconsin Department of Industry, Labor and Human Relations (WDILHR), found probable cause to believe that Fore Way had discriminated against defendant Matthew Waldvogel on the basis of handicap, in violation of the Wisconsin Fair Employment Act (WFEA), § 111.31 *et seq.* WDILHR–ERD and John Coughlin, the Secretary of WDILHR (the state defendants), have moved to dismiss this action in deference to the ongoing state administrative proceedings based on the abstention doctrine. Their motion will be granted.

Because a dismissal on abstention grounds is in the nature of a dismissal under Fed.R.Civ.P. 12(b)(6), for purposes of this motion I must accept as true the allegations contained in the plaintiffs' complaint. *See Ky. West Virginia Gas Co. v. Pa. Public Util. Com'n,* 791 F.2d 1111, 1115 n. 4 (3rd Cir.1986), *quoting Heritage Farms v. Solebury Township,* 671 F.2d 743, 745 (3rd Cir.), *cert. denied,* 456 U.S. 990, 102 S.Ct. 2270, 73 L.Ed.2d 1285 (1982).

Fore Way is a motor common carrier within the meaning of Motor Carrier Safety Act and is engaged in the transportation of goods and freight in interstate commerce. It utilizes freight terminals and agency stations located in Wisconsin, Minnesota, Illinois, Iowa, and Michigan. Fore Way requires all of its truck drivers to meet the minimum physical qualifications for driving a motor vehicle prescribed by federal law. Under 49 C.F.R. § 391.41(b)(3) a person who has been clinically diagnosed as having diabetes mellitus which currently requires insulin for control is not qualified to drive a regulated motor vehicle.

Matthew Waldvogel began driving a truck for Fore Way in 1980. He was first diagnosed to have diabetes in 1982, but he did not require insulin to control it until March 1985. On March 15, 1985, after being informed that Mr. Waldvogel was taking insulin for his diabetes, Fore Way placed him on a medical leave of absence. In July 1985, Fore Way advised Mr. Waldvogel that under 49 C.F.R. § 391.41(b)(3) he was not physically qualified to continue driving for Fore Way and that Fore Way was not able or willing to isolate intrastate freight routes from interstate freight routes in order to avoid the impact of the regulation. Fore Way has informed Mr. Waldvogel that he will be allowed to return to active duty if and when he satisfies applicable federal requirements.

After failing to convince a grievance committee that he was entitled to reinstatement, Mr. Waldvogel filed a complaint with the WDILHR–ERD alleging that Fore Way had discriminated against him on the basis of handicap, in violation of the WFEA. On March 5, 1986, a state equal rights officer found probable cause to believe that Fore Way's refusal to reinstate Mr. Waldvogel was in violation of the WFEA. Later, a state administrative law judge denied Fore Way's motion to dismiss Mr. Waldvogel's discrimination complaint for want of jurisdiction, holding that there was still a question whether Fore Way should be required to accommodate Mr. Waldvogel by assigning him to drive purely intrastate freight routes which would not be subject to U.S. Department of Transportation regulation and "for which his handicap would therefore not be a disqualifying factor." Plaintiff's exhibit 9, at p. 1. This action ensued.

In its complaint, Fore Way alleges, inter alia, that the WDILHR–ERD's jurisdiction over Mr. Waldvogel's discrimination complaint is preempted by the operation of federal law, in particular 49 C.F.R. § 391.-41(b)(3), under which individuals who must take insulin to control their diabetes are deemed to be physically unqualified to drive a regulated motor vehicle. Fore Way contends that the WDILHR–ERD may not, consistent with the supremacy clause of the U.S. Constitution, art. VI, cl. 2, require Fore Way to employ as a driver any person who is not physically qualified to drive a motor vehicle under applicable federal regulations. Fore Way ultimately seeks injunctive relief enjoining the state defendants from enforcing the WFEA in all cases in which its application would be incompatible with the federal regulation of the physical qualifications of truck drivers as authorized by Congress.

The state defendants base their motion to abstain on the authority of *Ohio Civ. Rights Com'n v. Dayton Christian Schools,* —— U.S. ——, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986). There, as here, the federal plaintiff filed an action in district court against the state administrative body which had found probable cause to believe that it had committed employment discrimination in violation of state law. There, as here, the plaintiff sought to enjoin the administrative body from conducting any further proceedings related to the pending discrimination charge. In *Ohio Civ. Rights Com'n,* the Supreme Court held that the federal district could should have abstained from adjudicating the merits of the first amendment defense that Dayton Christian Schools had raised in the state proceedings. "[T]he elimination of prohibited sex discrimination is a sufficiently important state interest to bring the present case within the ambit of the [*Younger* abstention doctrine]." 106 S.Ct. at 2723.

In this case, likewise, the elimination of prohibited employment discrimination based on handicap is a sufficiently important state interest to warrant the application of the abstention doctrine. The Wisconsin legislature has declared that unfair discrimination in employment against properly qualified individuals by reason of their handicap "substantially and adversely affects the general welfare of the state." *See generally* § 111.31 Wis.Stats.; *see also Brown County v. LIRC,* 124 Wis.2d 560, 562–63, 369 N.W.2d 735 (1985).

■ Under *Ohio Civ. Rights Com'n,* 106 S.Ct. at 2723, the federal court should normally abstain in deference to ongoing "state administrative proceedings in which important state interests are vindicated, so long as in the course of those proceedings the federal plaintiff would have a full and fair opportunity to litigate his constitutional claim." There is no reason to doubt that Fore Way will continue to receive a full and fair opportunity to raise its objections to the application of the WFEA to Mr. Waldvogel's discrimination complaint in the course of the pending state administrative proceedings. Moreover, it is clear that the pending state proceedings constitute an ongoing judicial proceeding under *Middlesex Ethics Comm. v. Garden State Bar Assn.,* 457 U.S. 423, 432–34, 102 S.Ct. 2515, 2521–22, 73 L.Ed.2d 116 (1982) and *Ohio Civ. Rights Com'n,* 106 S.Ct. at 2723, as they are unequivocally judicial in nature and may be appealed from to the Wisconsin

circuit and appellate courts. *See e.g.* § 111.395 and ch. 227 Wis.Stats.

Fore Way contends that the issues it seeks to litigate in this court have already been resolved against it by the state administrative law judge and, therefore, that there is no ongoing judicial proceeding to which this court must defer. I disagree. All of the claims contained in Fore Way's complaint, constitutional, jurisdictional, or otherwise, are subject to further state administrative review followed by appellate review in the state courts. For this reason, Fore Way's reliance on *Thomas v. Texas State Bd. of Medical Examiners*, 807 F.2d 453 (5th Cir.1987), is misplaced. There, state administrative proceedings resulting in the revocation of the plaintiff's medical license had already been completed at the time the plaintiff sought review in a federal forum. In this case, federal review may yet be obviated by the resolution of pending issues in Fore Way's favor or on state law grounds which are not preempted by the application of federal law. *See* § 111.-34 Wis.Stats.; *see also Frito-Lay, Inc. v. Labor & Industry Review Commission*, 95 Wis.2d 395, 290 N.W.2d 551 (Ct.App.1980), *aff'd,* 101 Wis.2d 169, 303 N.W.2d 668 (1981).

■ It does not follow from the WDILHR–ERD's finding of probable cause and its decision to schedule a hearing that Fore Way will be ordered to reinstate Mr. Waldvogel, much less that any such order would conflict with federal law or violate the constitution. *Cf. Ohio Civ. Rights Com'n, supra*, 106 S.Ct. at 2726 (Stevens, J., concurring). Presumably, the integrity and enforceability of both the WFEA and federal motor carrier safety regulations would be fully preserved if Mr. Waldvogel could be assigned to drive purely intrastate freight routes by Fore Way consistent with the commerce clause. *See Frito-Lay, Inc., supra.* The fundamental concerns of comity and federalism require this court to abstain from exploring the merits of Fore Way's jurisdictional claims at least until such a determination is made. *See Ohio Civ. Rights Com'n*, 106 S.Ct. at 2723.

■ The federal courts of appeal are in disagreement on the question of whether the assertion of a preemption claim renders abstention by the federal district court inappropriate. *Compare Ky. West Virginia Gas Co., supra*, 791 F.2d at 1115–16 (3rd Cir.1986), *Middle South Energy v. Ark. Public Serv. Com'n*, 772 F.2d 404, 417 (8th Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 884, 88 L.Ed.2d 919 (1986), *Champion Intern. Corp. v. Brown*, 731 F.2d 1406, 1408–09 (9th Cir.1984), and *Baggett v. Dept. of Pro. Reg., Bd. of Pilot Com'rs*, 717 F.2d 521, 524 (11th Cir.1983), holding that the district court should not abstain, with *New Orleans Public Service v. City of New Orleans*, 782 F.2d 1236, *vacated in part* 798 F.2d 858, 860–64 (5th Cir.1986) and *Aluminum Co. v. Utilities Com'n of State of N.C.*, 713 F.2d 1024, 1028–30 (4th Cir.1983), affirming decisions to abstain in the face of federal preemption claims. The court of appeals for this circuit has not addressed this "problematical" issue in a published opinion. *See New Orleans Public Service, supra*, 798 F.2d at 860, recognizing "that abstention in the face of a federal preemption claim is, at a minimum, problematical...."

I believe that, in its current posture, this case should be decided in accordance with the *New Orleans Public Service* and *Aluminum Co.* cases. Here, as in *New Orleans Public Service*, 798 F.2d at 862, n. 1, there exists "a complex state regulatory scheme [i.e., the WFEA] which would be disrupted by federal court review." There also exists a state court system possessing expertise which is fully capable of addressing Fore Way's complaints about the WDILHR's actions. *See id.* at 862; *see also Frito-Lay, Inc., supra*, 101 Wis.2d 169, 303 N.W.2d 668, *affirming*, 95 Wis.2d 395, 290 N.W.2d 551. Moreover, evaluation of the asserted preemption claim would involve this court in detailed fact-finding concerning Fore Way's ability to accommodate Mr. Waldvogel's handicap by assigning him to drive purely intrastate freight routes, a matter which traditionally is solely within the purview of the state. *Cf. Aluminum Co., supra*, 713 F.2d at 1030.

314

Finally, Fore Way has requested that if the state defendants' motion to abstain is granted, the federal court should stay its hand and retain jurisdiction. *Ohio River Co. v. Carillo,* 754 F.2d 236, 238 (7th Cir.1985). This request will be denied. In *Pennzoil v. Texaco,* —— U.S. ——, 107 S.Ct. 1519, 94 L.Ed.2d —— (1987), the U.S. Supreme Court recently ruled that the federal district court should have abstained under *Younger* from exercising jurisdiction over Texaco's federal and constitutional claims: "In sum, the lower [federal] courts should have deferred on principles of comity to the pending state proceeding." 107 S.Ct. at 1529. Reversing the judgment of the court of appeals for the second circuit, the Court remanded the case with instructions to have the district court "vacate its order and dismiss the complaint." *Id.* Having decided that abstention is appropriate in the case at bar, I believe it is preferable to order that Fore Way's complaint be dismissed.

Therefore, IT IS ORDERED that the motion of the state defendants' to abstain and to dismiss be and hereby is granted, said dismissal to be without prejudice and without costs or attorney's fees to either party.