51 F.3d 284
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William E. WHITLOW, Plaintiff/Appellant,
v.
AETNA LIFE AND CASUALTY CORPORATION, and Does 1 through 20,
inclusive, Defendant/Appellee.
 No. 93-17021.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 14, 1995.
Decided March 24, 1995.
 
 Before: CHOY, CANBY, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court did not err in treating Aetna's motion as a motion for summary judgment. The motion was captioned as one to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 56. Both parties submitted evidence outside the pleadings with their moving papers. Whitlow had notice and a reasonable opportunity to present material relevant to a Rule 56 motion. See Grove v. Mead School Dist. No. 354, 753 F.2d 1528, 1533 (9th Cir.), cert. denied, 474 U.S. 826 (1985); Mack v. South Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir.1986).
 
 
 3
 Whitlow produced nothing more than a scintilla of evidence that the circumstances involved anything but a voluntary resignation. He did not come forward with any evidence that Aetna "either intentionally created or knowingly permitted working conditions that were so intolerable or aggravated at the time of the employee's resignation that a reasonable employer would realize that a reasonable person in the employee's position would be compelled to resign." Turner v. Anheuser-Busch, Inc., 876 P.2d 1022, 7 Cal.4th 1238, 1251 (Cal.1994); see also Steiner v. Showboat Operating Co., 25 F.3d 1459, 1465 (9th Cir.1994), cert. denied, 115 S.Ct. 733 (1995). His constructive discharge claim is therefore deficient. See id. No genuine issue of material fact exists with respect to whether he resigned or was constructively discharged. Summary judgment was properly granted in favor of Aetna.
 
 
 4
 Whitlow's discrimination claim, which was based on California common law, would not exist but for the existence of the ERISA-governed severance plan. The district court correctly ruled that this claim is preempted by ERISA. See Ingersoll-Rand Co. v. McClendon, 498 U.S. 133 (1990); Felton v. Unisource Corp., 940 F.2d 503, 509-10 (9th Cir.1991); Champion Int'l Corp. v. Brown, 731 F.2d 1406, 1408-09 (9th Cir.1984).
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3