**WOODFEATHERS, INC., Plaintiff–Appellee–Cross–Appellant,**

v.

**WASHINGTON COUNTY, OREGON, Defendant–Appellant–Cross–Appellee.**

**Nos. 97–35557, 97–35598.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 1999.

Decided May 20, 1999.

R. Daniel Lindahl, John M. Junkin, Bullivant, Houser, Bailey, Pendergrass & Hoffman, and Dan R. Olsen, Washington County Counsel, Portland, Oregon, for the defendant-appellant-cross-appellee.

Russell M. Allen and William G. Sheridan, Jr., Allen, Fellows, Livingston, Sheridan, Ryan, Odman & Ford, Portland, Oregon, for the plaintiff-appellee-cross-appellant.

Stephen A. Redshaw, Stoel Rives, Portland, Oregon; Robert M. Atkinson, Assistant Attorney General and Jane Ellen Stonecipher, Marion County Assistant Legal Counsel, Salem, Oregon; Ann van Bever, Preston Gates & Ellis, Portland, Oregon; John Douglas Moore, Stone & Moore, San Francisco, California; Lawrence R. Davidson, Portland, Oregon; Jay W. Battie, Lindsay, Hart, Neil & Weigler, Portland, Oregon; Scott J. Horne and Thomas L. Tyler, Washington, DC; Todd E. Thompson, Howard, Rice, Nemerovski, Canady, Falk & Rabkin, San Francisco, California, for the amici.

Before: KLEINFELD and HAWKINS, Circuit Judges, and SCHWARZER,* Senior District Judge.

SCHWARZER, Senior District Judge:

In August 1995, Washington County, Oregon, (the County) cited Woodfeathers, Inc., for violating its solid waste ordinance by transporting and disposing of solid waste without a County certificate. Proceedings began in state court leading eventually to a trial in which Woodfeathers was found in violation, followed by an appeal by Woodfeathers. While the state court proceedings were pending, Woodfeathers, in February 1996, filed this action in the district court, challenging the constitutionality of the ordinance and seeking relief against its enforcement. The district court refused to abstain and enjoined enforcement of the ordinance, holding it preempted by federal law and invalid under the Commerce Clause. Because we find that the district court erred in failing to abstain under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), we reverse.

## FACTS AND PROCEDURAL HISTORY

Woodfeathers, Inc., is an Oregon corporation that sells and delivers building materials to roofing contractors. It also offers its customers a drop box service for disposal of the debris created by the removal of the old roof. Woodfeathers delivers a box to the construction site and when filled transports the box to a disposal facility. It charges contractors a fee for use of the drop box and a disposal fee, determined by the tonnage of the debris. Some but not all of the roofing debris (consisting of materials such as wood, asphalt, and tile) is recyclable.

In August 1995, Washington County, a political subdivision of Oregon, cited Woodfeathers for violating the County's solid waste ordinance. That ordinance makes it unlawful for any person to collect, store, transport, or dispose of solid waste in the unincorporated areas of the County for compensation without first obtaining a certificate from the County. *See* Wash. County Code § 8.04.120.[1] A state court trial took place in April or May 1996. The state court rejected Woodfeathers' defense that the County ordinance was preempted by federal law. On May 7, 1996, the state trial court entered a judgment finding that Woodfeathers had violated the ordinance and fined Woodfeathers $100. Woodfeathers appealed to the Oregon Court of Appeals on June 6, 1996, and that appeal remained pending at the time of oral argument before this court.

Meanwhile, on February 21, 1996, Woodfeathers filed this action in the district court, seeking declaratory and injunctive relief against enforcement of the ordinance. It contended that the ordinance was preempted by federal law, placed an undue burden on interstate commerce, and, as applied to Woodfeathers, infringed the equal protection guarantees of the U.S. and Oregon constitutions. Following a hearing, the district court on April 5, 1996, preliminarily enjoined the County from enforcing its ordinance against Woodfeathers. On June 24, 1996, the district court denied the County's motion to dismiss on *Younger v. Harris* abstention grounds, holding that the appellate posture of the state court proceedings did not provide Woodfeathers an adequate opportunity to

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

1. The ordinance states in relevant part:
   Except as otherwise provided in this chapter, it is unlawful for any person to collect, store, transport or dispose of any waste or solid waste in the unincorporated areas of the county for compensation unless he first obtains a certificate issued by the board [of county commissioners]; or after issuance of a certificate, to collect, store, transport or dispose of waste or solid waste in a service area not covered by this certificate, except as otherwise provided by this chapter.
   Wash. County Code § 8.04.120.

raise federal questions. Following a bench trial, the district court entered judgment determining that the County's ordinance was invalid in part and enjoining its enforcement in certain respects. The County appeals the judgment. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 1331 (1994) and reverse.

## DISCUSSION

■■■ The threshold issue is whether the district court erred in refusing to abstain. We review de novo the district court's refusal to abstain under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *See Gartrell Constr. Inc. v. Aubry*, 940 F.2d 437, 441 (9th Cir. 1991). Based on the notion of comity, *Younger* and its progeny "espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 431, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). "*Younger* is an exception to the usual rule that federal courts should exercise the jurisdiction conferred on them by statute." *Gartrell*, 940 F.2d at 441. Originally applicable to state criminal proceedings, the doctrine has been extended to state civil proceedings where important state interests are involved. *See Middlesex County Ethics Committee*, 457 U.S. at 432. Thus, under *Younger* a federal court should abstain if "(1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions." *Gartrell*, 940 F.2d at 441 (citing *Middlesex*, 457 U.S. at 432).

■■■ The district court correctly found that state judicial proceedings were pending. *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 238, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984), is distinguishable because, as the Court pointed out in rejecting the *Younger* abstention argument in that case, state judicial proceedings had not been initiated at the time proceedings of substance took place in federal court. *See*

*also Polykoff v. Collins*, 816 F.2d 1326, 1332 (9th Cir.1987) (*Younger* abstention appropriate where state court complaint was filed two days before federal court hearing on a motion for preliminary injunction); *Kitchens v. Bowen*, 825 F.2d 1337, 1341 (9th Cir.1987) ("[T]he critical question is ... whether 'the state proceedings were underway before the initiation of the federal proceedings.'") (quoting *Fresh Int'l Corp. v. Agricultural Labor Relations Bd.*, 805 F.2d 1353, 1358 (9th Cir.1986)).

The district court declined to abstain, however, holding that the second and third requirements had not been satisfied. It held, first, that the posture of the state proceedings did not provide an adequate opportunity to raise the federal question; and, second, that the state proceedings did not implicate important state interests because federal preemption rendered the ordinance ineffectual.

### A. *Adequate Opportunity to Raise Federal Question*

■■■ The district court, without explanation, found that in the posture of the state court proceedings, then on appeal, they did not provide an adequate opportunity to raise federal questions. Younger abstention applies with equal force, however, without regard to whether the state proceedings are pending in the trial or appellate court. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) ("Virtually all of the evils at which Younger is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial."). State courts are presumed adequate to raise federal questions "in the absence of unambiguous authority to the contrary," *see Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987), unless state procedural rules bar raising the federal questions, *see Hirsh v. Justices of Sup. Ct. of Cal.*, 67 F.3d 708, 713 (9th Cir.1995). No bar existed in this case–

indeed, Woodfeathers argued preemption in both the state trial and appellate courts. The district court therefore erred in finding that this prong of Younger had not been satisfied.

### B. Important State Interest Implicated

The district court concluded that "the state proceeding will not implicate important state interests where the law sought to be enforced is rendered ineffectual on account of federal preemption." It held that the solid waste ordinance was preempted by section 601(c) of the Federal Aviation Administration Authorization Act of 1994 (FAAAA). Section 601(c) amended the Interstate Commerce Act to expressly preempt state regulation of motor carriers transporting property:

> A State [or] political subdivision of a State ... may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier ... with respect to the transportation of property.

FAAAA of 1994, Pub.L. No. 103–305, § 601(c) (now codified at 49 U.S.C. § 14501(c)(1) (Supp. II 1996)). Woodfeathers contended that because the roofing debris which it transports is recyclable and picked up pursuant to commercial contracts rather than a residential curbside collection program, it is property within the preemptive scope of section 601(c). The district court agreed, holding that "property" as used in section 601(c) includes "recyclable materials, when collected in an industrial context for the purpose of recycling."

As an initial matter we must decide whether, without regard to the issue of federal preemption, local control of waste disposal and recycling involves an important state interest. The County has officially declared solid waste to be a nuisance. See Wash. County Ord. § 8.04.420; Or.Rev.Stat. § 203.065(3) (1995). Civil actions brought by a government entity to enforce nuisance laws have been held to justify Younger abstention. See Huffman, 420 U.S. at 604 (abstention was appropri-ate where state brought civil action against theater displaying obscene movies in violation of state nuisance law because "an offense to the State's interest in ... nuisance litigation is likely to be every bit as great as it would be were this a criminal proceeding"); World Famous Drinking Emporium, Inc. v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir.1987) (civil action brought by municipality "to obtain compliance with [municipal zoning] ordinance which aims at avoidance of public nuisances" implicates important state interests justifying abstention). We conclude that the County's enforcement of its solid waste ordinance implicates important state interests for the purpose of Younger v. Harris.

█ We now reach the issue whether the district court correctly decided that the FAAAA preempts the County's ordinance. In the posture of this proceeding, our inquiry is limited. Were we to make the determination whether to abstain turn on whether a state law is preempted, we "would render Younger a nullity." Fresh Int'l, 805 F.2d at 1361 (quoting Worldwide Church of God, Inc. v. California, 623 F.2d 613, 616 (9th Cir.1980)). The question before us therefore is whether "[federal] preemption [of the state law at issue] is "readily apparent." Fresh Int'l, 805 F.2d at 1361 (citing Baggett v. Department of Prof'l Regulation, Bd. of Pilot Com'rs, 717 F.2d 521, 524 (11th Cir.1983)). "In such a case, the state tribunal is acting beyond its authority and Younger abstention is not required." Gartrell, 940 F.2d at 441. We have held preemption to be readily apparent where the Supreme Court had previously decided the issue, see id.; where the state law fell under the express preemption clause of the Employment Retirement Income Security Act of 1974 (ERISA), see Champion Int'l Corp. v. Brown, 731 F.2d 1406, 1408 (9th Cir.1984); and where the federal regulatory jurisdiction of the employees in a bargaining unit had previously been determined. See Bud Antle, Inc. v. Barbosa, 45 F.3d 1261, 1273 (9th Cir.1994). See also Baggett, 717 F.2d at 523–24 (federal preemption of state disciplinary pro-

ceeding of marine pilot readily apparent where Congress had provided for exclusive jurisdiction over the control and direction of vessels in United States waters).

This is not such a case. Whether recyclable materials are "property" under section 601(c) is a question of first impression. No court has yet decided whether section 601(c) preempts local solid waste ordinances. The Interstate Commerce Act does not define "property." *See Interstate Commerce Comm'n v. Browning–Ferris Indus., Inc.,* 529 F.Supp. 287, 289 (N.D.Ala.1981) ("Congress conspicuously omitted a definition of 'property' from the Interstate Commerce Act."). The only pre-enactment legislative history, whatever force it may have, addressing the meaning of "property" states that section 601(c) "does not preempt State regulation of garbage and refuse collectors" because "under ICC case law, garbage and refuse are not considered 'property.'" *See* H.R. Conf. Rep. No. 103–677 at 85 (1994), *reprinted in* 1994 U.S.C.C.A.N. 1754, 1757.[2] ICC case law, however, is equivocal. *Compare Joray Trucking Corp. v. Common Carrier Application,* 99 M.C.C. 109, 110 (1965) (holding that debris from excavation and demolition sites is not property under the Interstate Commerce Act), *with Transportation of "Waste" Prods. for Reuse and Recycling,* 114 M.C.C. 92, 105 (1971) (distinguishing *Joray* because recyclables, in contrast to the demolition debris, "have been purchased and will not merely be discarded but, rather, will become vital elements in the manufacturing process in which they are to be utilized"), *and Transportation of "Waste" Prods. for Reuse and Recycling,* 124 M.C.C. 583, 604 (1976). We conclude that federal preemption of the County's ordinance is not readily apparent. We do not intimate any view on whether materials an owner wishes to discard, whether recyclable or not, are "property" for purposes of 49 U.S.C. § 14501(c), and decide only that the answer to that question is not so "readily apparent" as to defeat *Younger* abstention.

Because the district court should have abstained we do not reach the Commerce Clause or Equal Protection Issues.

The judgment is REVERSED and the matter REMANDED with directions to DISMISS without prejudice.

---

**2.** The ICC was abolished and its functions were transferred to the Surface Transportation Board effective January 1, 1996. *See* Interstate Commerce Commission Termi-

nation Act of 1995, Pub.L. No. 104–88, 109 Stat. 803.

