**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| WE ARE AMERICA/SOMOS AMERICA COALITION OF ARIZONA et al., | No. 09-15281 |
| Plaintiffs - Appellants, | D.C. No. 2:06-cv-02816-RCB |
| v. | MEMORANDUM[*] |
| MARICOPA COUNTY BOARD OF SUPERVISORS et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Robert C. Broomfield, Senior District Judge, Presiding

Argued and Submitted February 9, 2010
San Francisco, California

Before:    **KOZINSKI**, Chief Judge, **GOODWIN** and **IKUTA**, Circuit Judges.

The district court correctly determined that it lacked jurisdiction under

Younger v. Harris, 401 U.S. 37 (1971), to consider the claims of the six plaintiffs

who are Mexican nationals:  A federal court decision would improperly interfere

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

with the state criminal proceedings that had already begun against them. See Woodfeathers, Inc. v. Wash. County, 180 F.3d 1017, 1020 (9th Cir. 1999). Arizona has an important interest in enforcing its criminal statutes, and it's not "readily apparent" that federal law preempts Ariz. Rev. Stat. § 13-2319 or Maricopa County's enforcement policy. See id. at 1021. The Mexican national plaintiffs also have an adequate opportunity to litigate their constitutional claims in the state court proceedings. See id. at 1020–21.

The district court erred, however, in concluding that Younger abstention barred it from considering the organizational and taxpayer claims. Those plaintiffs weren't parties to the state court proceedings, and they're not sufficiently intertwined with the plaintiffs who were parties to trigger Younger. See Doran v. Salem Inn, Inc., 422 U.S. 922, 928–29 (1975); Green v. City of Tuscon, 255 F.3d 1086, 1099–1100 (9th Cir. 2001) (en banc), limited on other grounds, Gilbertson v. Albright, 381 F.3d 965, 968–69 (9th Cir. 2004) (en banc). On remand, the district court must still determine whether the organizational and taxpayer plaintiffs have standing to pursue their claims.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**

No costs.