NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 22 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| JAMES S. TATE, Jr., M.D., | ) | No. 11-17580 |
| | ) | |
| Plaintiff – Appellant, | ) | D.C. No. 2:11-cv-01613-JCM-VCF |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| BEVERLY NEYLAND, M.D.; | ) | |
| STATE OF NEVADA BOARD OF | ) | |
| MEDICAL EXAMINERS; | ) | |
| MICHAEL FISCHER; DONNA A. | ) | |
| RUTHE; SUE LOWDEN, | ) | |
| | ) | |
| Defendants – Appellees. | ) | |
| | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted June 11, 2012
San Francisco, California

Before:    FERNANDEZ, GOULD, and BEA, Circuit Judges.

Dr. James S. Tate, Jr., appeals the district court's dismissal of his 42 U.S.C.

§ 1983 action against the members of the State of Nevada Board of Medical

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Examiners (Board Members),[1] and against the Board itself.[2] We affirm.

Tate asserts that the district court erred when it dismissed on Younger[3] abstention grounds. Younger abstention applies when important state interests are implicated in ongoing state proceedings, the plaintiff has an "adequate opportunity to raise federal questions" therein and federal court action would effectively enjoin the state proceedings. Potrero Hills Landfill, Inc. v. Cnty. of Solano, 657 F.3d 876, 882 (9th Cir. 2011). Those conditions were met here. The state proceedings were judicial in nature;[4] they were ongoing;[5] they surely did involve very important state

_____

[1]The Board Members are: Dr. Beverly Neyland, Dr. Michael Fischer, Donna Ruthe, and Sue Lowden.

[2]Neither the district court nor the parties have drawn a distinction between the Board Members and the Board in this case.

[3]Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

[4]See Buckwalter v. Nev. Bd. of Med. Exam'rs, __ F.3d __, __, No. 11-15742, slip op. 6539, 6550 (9th Cir. June 8, 2012); Mishler v. Clift, 191 F.3d 998, 1007–08 (9th Cir. 1999); see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 433–34, 102 S. Ct. 2515, 2522, 73 L. Ed. 2d 116 (1982).

[5]The state administrative proceeding had started almost two years earlier. See Fresh Int'l Corp. v. Agric. Labor Relations Bd., 805 F.2d 1353, 1357 (9th Cir. 1986). Also, the state court proceeding to review the administrative decision was filed before the district court action was filed, and the latter was certainly embryonic at best. Id. at 1358.

interests;[6] Tate had an adequate opportunity to raise his federal claims therein, and had done so;[7] and a determination that the statute or procedure or both were unconstitutional would certainly interfere with the state action.[8] Because damages are not sought, dismissal is the proper remedy,[9] but, of course, that is without prejudice because it is not a decision on the merits.[10] Thus, the district court did not err.

AFFIRMED.

---

[6]It cannot be doubted that enforcing provisions designed to assure the quality of a learned profession's treatment of the public is an important and vital state interest. See, e.g., Middlesex, 457 U.S. at 434–35, 102 S. Ct. at 2522–23 (legal profession); cf. Buckwalter, __ F.3d at __, No. 11-15742, slip op. at 6559–60 (need to ensure quality health care); Olsen v. Idaho Bd. of Med., 363 F.3d 916, 924 (9th Cir. 2004) (need to ensure quality health care); Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 618 (9th Cir. 2003) (need to ensure quality of horse racing); Mishler, 191 F.3d at 1005 (need to ensure quality health care).

[7]Tate could, and did, raise his constitutional claims in the state court proceedings. See Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 629, 106 S. Ct. 2718, 2724, 91 L. Ed. 2d 512 (1986); Gilbertson v. Albright, 381 F.3d 965, 983 (9th Cir. 2004) (en banc); Kenneally v. Lungren, 967 F.2d 329, 332 (9th Cir. 1992); Nev. State Bd. of Nursing v. Merkley, 940 P.2d 144, 147 (Nev. 1997) (per curiam); see also Nev. Rev. Stat. § 233B.135(3)(a).

[8]A federal district court ruling could certainly have the effect of interfering with the state court proceeding. See Gilbertson, 381 F.3d at 968; see also Samuels v. Mackell, 401 U.S. 66, 73–74, 91 S. Ct. 764, 768, 27 L. Ed. 2d 688 (1971).

[9]See Gilbertson, 381 F.3d at 984.

[10]See Woodfeathers, Inc. v. Wash. Cnty., 180 F.3d 1017, 1022 (9th Cir. 1999).

3