Ray MARSHALL, Secretary of Labor, United States Department of Labor, Appellant,

v.

The CHASE MANHATTAN BANK (NA-TIONAL ASSOCIATION), Appellee.

No. 1325, Docket 77–6061.

United States Court of Appeals, Second Circuit.

Argued June 22, 1977.

Decided July 22, 1977.

Jerome S. Cohen, Atty., Plan Benefits Security Div., U. S. Dept. of Labor, Washington, D. C. (Carin A. Clauss, Sol. of Labor, Steven J. Sacher, Assoc. Sol., Washington, D. C., Monica Gallagher, Counsel for Litigation, Francis V. LaRuffa, Regional Sol.), for appellant.

Kenneth A. Perko, Jr., New York City (Milbank, Tweed, Hadley & McCloy, Andrew J. Connick, Edward I. Handelman, New York City, of counsel), for appellee.

Before MULLIGAN, GURFEIN and VAN GRAAFEILAND, Circuit Judges.

MULLIGAN, Circuit Judge:

Since 1961, the Chase Manhattan Bank (National Association) (Chase) has been the trustee of the assets of an employee pension benefit plan—the Pension Plan for Wage Employees of Federal Sweets and Biscuit Company, Inc. Chase was obligated to invest the corpus and to make distributions periodically at the direction of a Pension Board designated by the employer. The employer, Federal Sweets and Biscuit Company, was adjudicated a bankrupt on September 3, 1974. All the members of the Pension Board are believed to be deceased. Chase has received no directions for distribution from that Board since April 1972 but has continued to make payments to nine former employees of the bankrupt from assets which approximate $188,000. Chase decided that the plan should be terminated and the corpus distributed to the beneficiary employees. To accomplish this, Chase commenced an action in the Supreme Court of the State of New York to secure judicial consent to a wind-up of the plan as well as a judicial settlement of its trustee's account for the calendar years 1970 through 1975. That state court action was filed in July 1976 and is now pending.

In December 1976, the Secretary of the United States Department of Labor (the Secretary) commenced an action in the United States District Court for the Southern District of New York seeking declaratory as well as injunctive relief against Chase. The Secretary alleged that under the provisions of the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1001 *et seq.*) (ERISA) which became effective January 1, 1975, the state court has no jurisdiction to approve the trustee's *1975* account. The Secretary alleged that § 502(e)(1) of ERISA vested exclusive jurisdiction of actions concerning 1975 fiduciary conduct in the federal courts, and that under § 514(a) of ERISA federal law supersedes all state law relating to covered employee benefit plans. The complaint alleges that the entry of any judgment by the state court will result in "irreparable injury to the public interest in the uniform administration and enforcement of Title I of ERISA." Hence judgment is sought (1) declaring that the portion of Chase's action seeking release and discharge of its 1975 account represents a cause of action relating to an employee benefit plan covered by ERISA which arose after January 1, 1975; (2) declaring that the Supreme Court of New York lacked jurisdiction over that part of the state court proceeding which seeks the 1975 accounting; and (3) preliminarily and permanently enjoining Chase from pursuing its state court action insofar as it relates to the post-1974 period.

In its answer, Chase denied that the state court lacked jurisdiction and asserted *inter alia* that the plan in question was not covered by ERISA since the employer was not engaged in commerce or in any activity affecting commerce on or after the date of enactment of the statute. See 29 U.S.C. § 1003(a). It was further alleged that since the matter was still pending in the state court, the district court should abstain from consideration until the state court had made its determination. We note that the Secretary has not appeared in the state court action even to contest jurisdiction but has advised that court of its position by letter.

Shortly after issue was joined, District Judge Thomas P. Griesa called a conference of the parties on January 19, 1977 since the Secretary was in the process of preparing motion papers for a preliminary injunction. A reading of the transcript of that conference reveals that the district judge felt that if the Secretary believed that the state court had no jurisdiction with respect to the 1975 accounting period, his proper remedy was to appear in the state court to contest its jurisdiction rather than to burden the federal court with a second action at the expense of the fund and its beneficiaries. Judge Griesa did not simply deny the preliminary injunctive relief sought by the Secretary, but rather dismissed the action on his own motion "on the ground that the only appropriate way to proceed is for you to make a motion in the state court to dismiss that action, in whole or in part, for lack of subject matter jurisdiction. This action is dismissed." This appeal by the Secretary followed.

## I

■ Section 502(a)(5) of ERISA, 29 U.S.C. § 1132(a)(5),[1] authorizes the Secretary to bring a civil action to enjoin any violation of, or to obtain appropriate equitable relief to enforce the Act. Section 514(a), 29 U.S.C. § 1144(a),[2] contains broad preemptive language superseding "any and all State laws" relating to employee benefit plans within the coverage of the statute effective January 1, 1975. Section 502(e)(1), 29 U.S.C. § 1132(e)(1),[3] further provides that the district courts of the United States shall have exclusive jurisdiction of civil actions brought by the Secretary. This is a civil action brought by the Secretary seeking injunctive and declaratory relief with respect to Chase's accounting as trustee of an employee benefit plan for the calendar year 1975. The Secretary is seeking to enforce §§ 502(e)(1) and 514(a) of ERISA which provide for the exclusive jurisdiction of such proceedings in the district court and the express preemption of state law. The Secretary's complaint further stated that any judgment by the state court with respect to the 1975 accounting would result in irreparable injury to the public interest in the uniform administration and

---

1. 29 U.S.C. § 1132(a)(5) provides that a civil action may be brought—

   (5) except as otherwise provided in subsection (b) to this section, by the Secretary (A) to enjoin any act or practice which violates any provision of this subchapter, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this subchapter.

2. 29 U.S.C. § 1144(a) preempts state law as follows:

   (a) Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975.

3. 29 U.S.C. § 1132(e)(1) provides:

   (e)(1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.

   29 U.S.C. § 1132(a)(1)(B) deals with actions brought by participants or beneficiaries to enforce rights under a particular plan. The extent of the relevance, if any, of this exception to the general rule of exclusive federal jurisdiction raises a question of federal statutory construction to be resolved in a federal forum.

enforcement of Title I of ERISA. In our view, the complaint stated a case within the subject matter jurisdiction of the district court and stated a claim upon which relief could be granted. Its summary dismissal was therefore error.

■ Chase has taken the position that since the employer became bankrupt in 1974 and was therefore not involved in commerce after the effective date of the statute, ERISA does not govern. But surely the interpretation of a federal statute providing for exclusive jurisdiction in the federal courts presents a federal question to be decided by that court and not the state tribunal.

■ Chase also argues that the dismissal of the complaint can be upheld under the terms of the anti-injunction statute, 28 U.S.C. § 2283.[4] However, in *NLRB v. Nash-Finch Co.,* 404 U.S. 138, 146, 92 S.Ct. 373, 30 L.Ed.2d 328 (1971), the Court has held that the general language of § 2283 was not intended to hamstring federal agencies in the utilization of federal courts to protect federal rights. See *Mitchum v. Foster,* 407 U.S. 225, 235–36, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972); *Leiter Minerals, Inc. v. United States,* 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267 (1957). The superior federal interest sought to be vindicated here is clear from §§ 502 and 514 of the Act as well as its legislative history which establish the congressional intent that the United States regulate the field of employee benefit plans eliminating the threat of conflicting and inconsistent local regulation.[5]

## II

■ Chase further argues that the decision below is justified on the basis of the doctrine of abstention. Since the court did not address the merits and emphasized the pending state action, it is probable that this did constitute the basis for the dismissal. However, as the Supreme Court has noted, "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Cons. Dist. v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976). In that case the Court reviewed its abstention decisions and indicated that there were three categories of cases where federal court abstention was appropriate: 1) In cases presenting a constitutional issue which might be mooted or presented in a different posture by a state court determination of state law, id. at 814. But there is no constitutional issue involved here; 2) Where there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar. Id. at 814, 96 S.Ct. 1244. But the question here involves federal and not state law; and 3) Where the relief sought by way of injunction or declaratory judgment involved a pending criminal action in the state court as in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and *Samuels v. Mackell,* 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971). 424 U.S. at 816, 96 S.Ct. 1236. *Younger* abstention has been recently broadened by considerations of comity and federalism to include federal abstention even where the pending state action is civil in nature but where the

---

4. § 2283. Stay of State court proceedings

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

5. In his statement to the House of Representatives, Congressman Dent, Chairman of the Subcommittee on Labor of the House Committee on Education and Labor, indicated the importance of ERISA's preemption provisions, 120 Cong.Rec. 29197 (1974):

Finally I wish to make note of what is to many the crowning achievement of this legislation, the reservation to Federal authority the sole power to regulate the field of employee benefit plans. With the preemption of the field, we round out the protection afforded participants by eliminating the threat of conflicting and inconsistent State and local regulation.

state has a clear interest. Thus in *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), the state had brought an action to enforce a nuisance statute. Since the state was a party to the proceeding and the nuisance statute was akin to a criminal enactment, federal abstention was decreed. In *Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977), *Huffman* was extended to require federal abstention where the federal plaintiffs had previously been incarcerated by the state in contempt proceedings. The interest of the state in vindicating its civil enforcement proceedings required federal abstention on comity grounds. Similarly in *Trainor v. Hernandez,* —— U.S. ——, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977), where a state agency had brought a civil action against the federal plaintiffs in a state court to recover welfare payments allegedly fraudulently obtained, the Supreme Court held that the federal court should abstain under *Huffman* principles.[6]

This case does not fall within the ambit of *Huffman, Juidice* and *Trainor.* Neither the Secretary nor the State of New York has ever been a party to the state action. There are no federal constitutional issues which the state court has been asked to determine so that no issue of comity or federalism is present. The pending state action is between private parties with the state complaint simply invoking the general equitable jurisdiction of the state court to settle an account, terminate the trust and authorize a distribution. No state law involving employee benefit plans was invoked in the state proceeding. More importantly, the Secretary has initiated a federal action seeking the construction of a federal statute which, as we have noted, provides that state laws are superseded and that the federal courts have exclusive jurisdiction. Under these circumstances federal abstention was improper.

We are not unmindful that the bifurcation of the action here creates problems of expense for the fund and the beneficiaries. The fund is comparatively small, its beneficiaries few and unquestionably the state court has jurisdiction over four of the five years involved. On the remand, we are hopeful that with the guidance of the district court the parties may find some method of reasonably accommodating their conflicting interests. At this juncture, however, we have no choice but to hold that the complaint was improvidently dismissed and that federal court abstention is not appropriate.

Reversed and remanded.

---

6. In *Colorado River Water Cons. Dist. v. United States, supra,* 424 U.S. at 818, 96 S.Ct. 1236, the Court, while finding that the case fell within none of the abstention categories, nonetheless recognized that under "exceptional" circumstances dismissal of a federal suit due to the presence of a concurrent state proceeding may be countenanced. In that case, the United States had commenced an action in the District of Colorado to determine reserved rights to water in that state. Thereafter, a defendant in the federal action sought to make the United States a party in a state water division proceeding as provided by Colorado law. The Court held that the federal action should be dismissed because of the unusual factors present, id. at 819–21, 96 S.Ct. 1236. Most significant was the recognition by the McCarran Amendment, 43 U.S.C. § 666, of the desirability of unified adjudication of water rights, and the availability of state systems such as that in Colorado for adjudication and management on a continuous basis. Moreover there were 1,000 defendants in the federal action; there was a 300-mile distance between the federal court and the state water division court; and the United States was already participating in proceedings in three other state water divisions.

On the contrary, ERISA indicates, with exceptions noted in n. 3 *supra,* that the federal courts are to have exclusive jurisdiction. There is no discernible state interest in pension fund litigation and of course the United States has not become or been joined as a party in the state proceeding.