### TRANS WORLD CORPORATION, Plaintiff,

v.

### ODYSSEY PARTNERS, et al., Defendants.

### No. 83 Civ. 1939(MEL).

United States District Court, S.D. New York.

Oct. 3, 1984.

See also, D.C., 561 F.Supp. 1315.

Hughes, Hubbard & Reed, New York City, for plaintiff; Robert J. Sisk, Laura H. Allen, Janice B. Stanton, New York City, of counsel.

Weil, Gotshal & Manges, New York City, for defendants Odyssey Partners, Jack Nash, Leon Levy, Lester Pollack.

White & Case, New York City, for defendant Electra Inv. Trust P.L.C.

LASKER, District Judge.

Odyssey Partners, Jack Nash, Leon Levy, Lester Pollack (collectively "Odyssey") and Electra Investment Trust P.L.C. ("Electra") move for an order pursuant to Federal Rules of Civil Procedure 26(c) and Rule 15(a) of the civil rules of this court directing plaintiff Trans World Corporation ("Trans World") to pay the costs and expenses of the moving defendants (including attorneys fees) relating to depositions noticed by Trans World. The motion is granted.

The motion grows out of litigation in which Trans World sought to prevent Odyssey from presenting to the stockholders of Trans World at Trans World's impending stockholders' meeting, a precatory proposal recommending that Trans World's subsidiaries be spun off as independent entities. Odyssey made a demand on Trans World for a stockholder list. After waiting for a response to the demand during the five day period required by Delaware law, Odyssey sued Trans World in the Delaware Chancery Court seeking an order directing Trans World to furnish Odyssey with the requested stockholder list. Trans World instituted the present action three days after Odyssey requested the stock-

holder list and moved here for a preliminary injunction restraining Odyssey from prosecuting the Delaware action. The motion was denied. 561 F.Supp. 1311 (1983). The Court of Appeals dismissed Trans World's appeal for failure to perfect the appeal. The Delaware Courts denied relief.

In the course of litigation Trans World proposed a schedule of depositions of defendants in other parts of the country and in the United Kingdom. Counsel for Odyssey and for other defendants objected to the proposed schedule and requested that if the court permitted the depositions to go forward, plaintiff should be responsible for costs and attorneys fees. In the emergency atmosphere created by plaintiff's crash discovery program, I declined to rule on the spot that defendants were entitled to costs, but allowed the depositions to proceed as requested by Trans World and ruled that in the event defendants prevailed in the litigation, which they have, the court would consider awarding the "expenses of one attorney for each adversary party, including a reasonable counsel fee, incurred in the London and California depositions as a taxable cost in this action."

Since defendants have prevailed and have competently established their respective costs incurred (see Affidavits of Dennis J. Block and Margaret Murphy in support of the motion), there would ordinarily be no question as to their entitlement to payment.

The sole issue of any substance raised by the plaintiff as a bar to granting the motion is the claim that because the plaintiff heretofore voluntarily dismissed the complaint as to these defendants prior to their answering or moving as to the complaint (see Federal Rule Civil Procedure 41(a)), that the litigation has ended and the court has no jurisdiction or authority to act on the motion. In particular, plaintiff relies on *Thorp v. Scarne*, 599 F.2d 1169 (2d Cir.1979) in which the Court of Appeals ruled that a notice of dismissal filed by the plaintiff under Rule 41(a) had terminated the action in question so that an order by the District Court vacating the dismissal was invalid.

Whatever the reach of *Thorp* as to the question of revival of a case, I do not find it to apply to the circumstances at hand. Here the defendants seek no "revival" but merely the completion of unfinished business which the court itself on the record had deferred until the removal of time pressure and the outcome of the case would permit orderly determination. Although the end of the case may have arrived, that does not, in the circumstances, bar the moving parties from applying for and receiving the taxable costs to which they may be entitled. It is the rule that "[w]here there is a dismissal of an action, even where such dismissal is voluntary and without prejudice, the defendant is the prevailing party" within the meaning of Rule 54(d) of the Federal Rules of Civil Procedure. 6 Moore's Federal Practice ¶ 54.70 at 1310 (2d Ed.1983). In turn, Rule 54(d) provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs;". In this case, there is absolutely no reason for the court to direct "otherwise", and there is every good reason to allow costs.

The motion is granted.

Submit order on notice.