**MONTCLAIR PARKOWNERS ASSOCIATION; Hacienda Mobile Home Estates, Plaintiffs–Appellants,**

v.

**CITY OF MONTCLAIR, a Municipal corporation, Defendant–Appellee.**

No. 99–55083.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 29, 1999

Filed Sept. 5, 2001

John A. Ramirez (argued) and R.S. Radford, Pacific Legal Foundation, Sacramento, California, and Robert S. Coldren and C. William Dahlin, Hart, King & Coldren, Santa Ana, California, for the plaintiffs-appellants.

Henry E. Heater (argued), Donald R. Lincoln, and Linda B. Reich, Endeman, Lincoln, Turek & Heater, San Diego, California, and Diane E. Robbins and Richard Holdaway, Robbins & Holdaway, Chino, California, for the defendant-appellee.

Before: O'SCANNLAIN, FERNANDEZ and T.G. NELSON, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

We must decide whether the *Younger* abstention doctrine requires the dismissal of a federal lawsuit brought to vindicate rights under the Takings Clause of the federal Constitution.

## I

In July 1998, the City of Montclair, California, ("Montclair") adopted Ordinance number 98–777, a rent-control provision regulating trailer parks. The ordinance prohibits a trailer park owner from increasing the rent for trailer spaces in his park upon their sale or transfer by more than the greater of three percent or the latest annual percentage increase in the consumer price index (up to eight percent). Park owners may apply, however, for administrative permits under the ordinance to increase prices for the purpose of recovering certain increased costs.

On August 17, 1998, the Montclair Parkowners Association and Hacienda Mobile Home Estates (collectively, "the Association") brought suit in federal district court pursuant to 42 U.S.C. § 1983. The Association alleged that the ordinance effected an unconstitutional taking under the Fifth and Fourteenth Amendments to the United States Constitution and sought declaratory and injunctive relief and just compensation for the property taken. On the next day, August 18, 1998, (before any action was taken on the Association's federal suit) the Association filed a complaint in California Superior Court, making the same claims that were raised in the federal action, but under state law: that the ordinance violated due process of law and amounted to a taking without compensation in violation of Article I of the California Constitution. Appellants made it clear in their state court complaint that they reserved the federal bases for their challenge for disposition in federal court pursuant to *England v. Louisiana State Bd.*

*of Med. Examiners,* 375 U.S. 411, 420–22, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).[1]

The federal district court thereafter dismissed the Association's federal suit, holding that abstention and dismissal were required under the Supreme Court's decisions in the case of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny. This timely appeal followed.

## II

■ Younger and its progeny stand for the proposition that federal courts may not, in certain circumstances, exercise their jurisdiction where doing so would interfere with state judicial proceedings. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982).

■ We recently clarified the nature of the interference necessary to invoke *Younger* abstention in *Green v. City of Tucson,* 255 F.3d 1086 (9th Cir.2001) (en banc). The district court in *Green* dismissed a federal action challenging a state law on federal constitutional grounds because there was an action pending in state court challenging the same law on the same federal grounds. We reversed, observing that the "threshold condition" for abstention under *Younger* is present only "when the relief sought in federal court would in some manner directly 'interfere' with ongoing state judicial proceedings—and that,

further, such interference is not present merely because a *plaintiff* chooses to instigate parallel affirmative litigation in both state and federal court." *Id.* at 1097 (citing *New Orleans Pub. Serv. Inc. v. Council of the City of New Orleans,* 491 U.S. 350, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989)). While recognizing that the federal court decision in such situations "may, through claim or issue preclusion, influence the result in state court," we held that this was not the sort of interference sufficient to trigger *Younger* abstention. *Id.* at 1093.

■ Here, the Association merely filed parallel affirmative litigation in both federal and state court. The Association did not request the federal court to enjoin ongoing state court proceedings, nor did it seek any other relief that would interfere with its state court action within the meaning of *Younger* and its progeny. As in *Green,* the mere pendency of a parallel state court proceeding challenging the City's rent control ordinance is insufficient to trigger *Younger* abstention.[2] Thus, dismissal of the Association's federal action under the *Younger* abstention doctrine was improper.

REVERSED and REMANDED.

---

**1.** The Association expressly reserved its federal takings claim for federal court in its initial state court pleadings under *England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). *See Montclair Parkowners Association v. City of Montclair,* 76 Cal.App.4th 784, 789 n. 1, 90 Cal.Rptr.2d 598 (1999) (acknowledging that Association reserved its federal takings claim for federal court under *England,* and hence that state takings claim was only claim before court). As a result, its federal action is not barred by the doctrine of

res judicata. *See United Parcel Serv., Inc. v. California Public Util. Comm'n,* 77 F.3d 1178, 1185–87 (1996); *Dodd v. Hood River County,* 59 F.3d 852, 861–62 (9th Cir.1995).

**2.** The Association's federal action, in which only federal issues are raised, could have had even less influence on the Association's state proceeding than was the case in *Green,* given that the Association raised only *state* issues in its state court complaint.