**TERMINIX INTERNATIONAL COMPANY, L.P.,**
Plaintiff,

v.

**Arthur J. ROCQUE, Jr., Commissioner of the Connecticut Department of Environmental Protection, Defendant.**

No. 3:00CV2350(RNC).

United States District Court,
D. Connecticut.

May 30, 2002.

John W. Cannavino, Steven I. Frenkel, Karen L. Wagshul, Cummings & Lock-

wood, Stamford, CT, Lawrence S. Ebner, McKenna Long & Aldridge, Washington, DC, Thomas F. Harrison, Day, Berry & Howard, Hartford, CT, for plaintiff.

Kimberly P. Massicotte, Janet P. Brooks, Attorney General's Office, Hartford, CT, for defendant.

## RULING AND ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

CHATIGNY, District Judge.

Plaintiff Terminix International Company, a termite and pest control company, brings this action for declaratory and injunctive relief against the Commissioner of the Department of Environmental Protection of the State of Connecticut ("DEP"). Terminix contends that a DEP regulation underlying two ongoing enforcement proceedings against the company in state court and before the DEP is preempted by the Federal Insecticide, Fungicide, and Rodenticide Act, codified at 7 U.S.C. §§ 136–136y ("FIFRA"). DEP has responded to Terminix's complaint by invoking the doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), which requires a federal court to abstain from interfering with prior-filed state enforcement proceedings except in extraordinary circumstances. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982).[1] Both parties have moved for summary judgment. For reasons explained below, I conclude that *Younger* abstention is proper and therefore grant DEP's motion for summary judgment and deny Terminix's cross-motion.

### I. *Background*

Connecticut has a two-tier system for certifying commercial applicators of pesticide, under which certain applicators require "[s]upervisory certification" and others "[o]perational certification." Conn. Gen.Stat. § 22a–54(b). Under this system, supervisors are qualified to make various decisions about pesticide use (such as dosages and methods of application), while operators are not. *Id.* DEP has promulgated a regulation that requires operators to conform to a supervisor's written instructions whenever a supervisor is not physically present during a commercial pesticide application. *See* Conn. Agencies Regs. § 22a–66–5(g)(2).[2] Under the DEP regulation, an operator may not deviate from the off-site supervisor's instructions without prior written approval, even if a pesticide's EPA-approved labeling would permit the deviation. Stipulation (Pl.'s Ex. A to doc. # 14) ¶¶ 6–11.

DEP has initiated two enforcement proceedings against Terminix based in large part on the written instructions regulation. One is a civil case in state court charging Terminix with hundreds of violations of the regulation between July 1996 and April

---

**1.** DEP also challenges plaintiff's standing to bring this suit but Terminix has shown "injury in fact" because it is being forced to comply with the regulation in question. *See Alexson Decl.* (Pl.'s Ex. B to doc. # 14) ¶ 4. Accordingly, Terminix does have standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

**2.** The regulation provides:

[W]here labeling does not require the presence of a certified supervisory applicator at the site of application, the certified supervisory applicator must either be present at the time of application or must provide written instruction to the certified operator that shall include ... the pest to be controlled, the pesticide to be used, directions for use of the pesticide, and be available if and when needed.
Conn. Agencies Regs. § 22a–66–5(g)(2).

1998. *Commissioner of Environmental Protection v. Terminix Int'l Co., L.P.,* No. CV 99–0510942 S (Conn.Super. Ct., filed Nov. 10, 1999). The other is an administrative proceeding in which DEP seeks to deny renewal of the business registrations for three of Terminix's branch offices based on violations of the regulation. *In the Matter of Terminix Int'l Co., L.P.,* Renewal of Bus. Regis. Nos. B–0215, B–0372, and B–1140 (DEP Office of Adjudications, hearings began March 18, 1999). Both proceedings began before this action was filed and both remain pending.

In its complaint in this court, Terminix seeks a declaratory judgment that the written instructions regulation is preempted under § 136v(b) of FIFRA, which provides that a "State shall not impose or continue in effect any requirements for labeling ... in addition to or different from those required under [FIFRA]." 7 U.S.C. § 136v(b). Terminix argues that the regulation has the unavoidable effect of imposing state requirements for labeling "in addition to or different from" federal requirements while also stripping operators of discretion afforded by § 136(ee) of FIFRA. Under that section, anyone applying a pesticide can apply less than the amount specified on the labeling, against a pest not specified on the labeling, using any method of application not prohibited by the labeling, unless the labeling specifically states otherwise. 7 U.S.C. § 136(ee). In addition to declaratory relief, Terminix seeks an injunction preventing DEP from initiating any future enforcement actions against the company based on the regulation.

DEP contends that the written instructions regulation is a valid exercise of the State's authority to regulate pesticide use under § 136v(a) of FIFRA, which provides that a "State may regulate the sale or use of any federally registered pesticide." 7 U.S.C. § 136v(a). It also contends, however, that under *Younger* and its progeny, the court must refrain from deciding the preemption issue in order to avoid undue interference with the pending enforcement proceedings. I agree.[3]

## II. *Discussion*

The *Younger* doctrine is an exception to the rule that federal courts must exercise the jurisdiction conferred on them by Congress. Under *Younger* and later cases, federal courts are expected to abstain from using their equity powers in a manner that would interfere with state proceedings except when immediate relief is necessary to prevent irreparable injury. *Younger* abstention reflects the importance of the principle of comity in the federal system, which includes respect for state processes. Originally applicable to state criminal prosecutions, *Younger* has been extended to civil and administrative enforcement proceedings. *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986); *Middlesex County Ethics Comm.,* 457 U.S.

---

**3.** Terminix contends that subject matter jurisdiction is lacking under *Fleet Bank, National Association v. Burke,* 160 F.3d 883 (2d Cir. 1998). Def.'s Reply Mem. [doc. # 35] at 5–6. In that case, the Court of Appeals rejected federal question jurisdiction for a preemption claim where the parties disputed the meaning of the challenged state law. The Court reasoned that a plaintiff should not be "accorded the opportunity to use a preemption claim as a way to force a state to adjudicate in a federal court the meaning of a state regulatory statute." *Fleet Bank,* 160 F.3d at 892. Here, the parties have stipulated as to DEP's interpretation of the regulation; their disagreement concerns the proper interpretation of federal law—under FIFRA, does the regulation govern "use," in which case it is not preempted, or "labeling," in which case it is? Thus, the holding in *Fleet Bank* does not apply.

at 432, 102 S.Ct. 2515; *Trainor v. Hernandez,* 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977).

■ *Younger* abstention has been applied by the Second Circuit when (1) there is a pending state proceeding that would be disrupted by the relief sought in the federal suit; (2) the proceeding implicates an important state interest; and (3) the proceeding gives the federal plaintiff adequate opportunity to raise constitutional claims. *See University Club v. City of New York,* 842 F.2d 37, 40 (2d Cir.1988); *Christ the King Regional High School v. Culvert,* 815 F.2d 219, 224 (2d Cir.1987). *See also Cullen v. Fliegner,* 18 F.3d 96, 103 n. 4 (2d Cir.1994). In this case, all three elements are present.

■ With regard to the first element, the state enforcement proceedings are still ongoing and therefore subject to being disrupted. Terminix contends that the relief it seeks here would not interfere with the state proceedings because it "seeks only to obtain a declaratory judgment regarding its federal preemption claim and to enjoin DEP from initiating any *future* adverse actions." Pl.'s Mem. in Further Support of Summ. J. [doc. #.33] at 19 (emphasis in original). I do not believe that *Younger* principles can be avoided so easily. A declaratory judgment that the DEP regulation is preempted by FIFRA surely would have—and would be intended to have—preclusive effect on the bulk of the issues presented in the state proceedings, even if it did not stop both proceedings entirely. *See Samuels v. Mackell,* 401 U.S. 66, 72, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971) (declaratory relief results in same interference with state proceedings that anti-injunction policy seeks to avoid).[4]

Turning to the next element, Terminix contends that the State has no legitimate interest in enforcing the written instructions regulation because it is preempted by FIFRA. Pl.'s Mem. in Further Supp. of Summ. J. at 22. However, the relevant inquiry at this step in the analysis is whether the "generic proceedings" implicate an important state interest. *New Orleans Public Service, Inc. v. Council of City of New Orleans,* 491 U.S. 350, 365, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989) (*"NOPSI"*). Connecticut has an important interest in enforcing its environmental regulations concerning pesticides to protect the health and safety of its citizens. Thus, this element is also present.

As for the third element, Terminix can obtain judicial review of its preemption claim both in the pending state court proceeding and, if necessary, by pursuing an appeal in state court after the pending administrative proceeding is completed. Terminix contends that abstention in favor of the agency proceeding is particularly objectionable because, as shown by the filings in this case, the Commissioner of DEP has already decided that the regulation is not preempted. However, the hearing officer in the ongoing agency proceeding has described the company's preemption defense as "an important issue" and has overruled DEP's objection to discussing FIFRA during the hearings. Administrative Hearing Tr. at 3899–901 (Att. 7 to Def.'s Ex. C, doc. # 30). Moreover, under *Younger,* it is sufficient that the company will be able to obtain judicial review of its preemption defense after the agency proceeding is completed.

Though the three-part test for *Younger* abstention is satisfied, abstention is not

---

**4.** At oral argument, Terminix acknowledged that a ruling in its favor would have a preclusive impact on the state proceedings. Oral Argument Excerpt Tr. [doc. # 41] at 32.

Such a ruling would eliminate the "major basis" for the administrative proceeding and create an "additional defense" to the allegations in the court case. *Id.* at 35, 36.

required if Terminix can show "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 54, 91 S.Ct. 746. *See Cullen*, 18 F.3d at 103. Terminix does not explicitly rely on this exception to the *Younger* doctrine. However, the thrust of its position is that abstention would be improper because the regulation at issue in the enforcement proceedings is preempted by federal law. Accordingly, it is necessary to decide whether Terminix's preemption claim presents an exceptional circumstance justifying equitable relief.

Terminix relies on Second Circuit cases for the general proposition that preemption claims are not appropriate for *Younger* abstention. In *Stone & Webster Engineering Corp. v. Ilsley*, 690 F.2d 323 (2d Cir.1982), *aff'd sub nom. Arcudi v. Stone & Webster Engineering Corp.*, 463 U.S. 1220, 103 S.Ct. 3564, 77 L.Ed.2d 1405 (1983), the plaintiff claimed that a state statute governing insurance coverage was preempted by the Employee Retirement Income Security Act ("ERISA"). In a footnote, the Court of Appeals stated that abstention "is not properly invoked in a preemption case." *Id.* at 326 n. 2. The Court cited *Marshall v. Chase Manhattan Bank (National Association)*, 558 F.2d 680, 683–84 (2d Cir.1977), which also rejected *Younger* abstention when the federal plaintiff invoked ERISA. *Stone & Webster* did not explain why abstention is inappropriate in a preemption case, but the Court later explained that "[t]he underlying rationale of this doctrine is that it would be futile to abstain in deference to a state decisional body if it later should develop that it may not have jurisdiction over a dispute due to the preemptive jurisdiction of a federal body." *Culvert*, 815 F.2d at 223 n. 4.

The Second Circuit's decisions in *Stone & Webster* and *Marshall* predate the Su-preme Court's decision in *NOPSI*. In that case, the plaintiff argued that *Younger* does not require abstention in a case presenting a substantial claim of federal preemption of state law. 491 U.S. at 364, 109 S.Ct. 2506. Addressing that argument, the Court stated:

> We disagree. · There is no greater federal interest in enforcing the supremacy of federal statutes than in enforcing the supremacy of explicit constitutional guarantees, and constitutional challenges to state action, no less than preemption-based challenges, call into question the legitimacy of the State's interest in its proceedings reviewing or enforcing that action. Yet it is clear that the mere assertion of a substantial constitutional challenge to state action will not alone compel the exercise of federal jurisdiction .... [P]re-emption-based challenges merit a similar focus.

*Id.* at 365, 109 ·S.Ct. 2506.

In *NOPSI*, the Supreme Court left open the question whether a federal court should abstain when a plaintiff makes a "facially conclusive" claim of federal preemption. 491 U.S. at 367, 109 S.Ct. 2506. Picking up on that language, a number of courts of appeals have recognized that, although preemption claims are not to be given more deference in the *Younger* analysis than other constitutional claims, abstention is inappropriate when a preemption claim is "facially conclusive," or the preemptive effect of federal law is "readily apparent." *See Woodfeathers, Inc. v. Washington County, Or.*, 180 F.3d 1017, 1021–22 (9th Cir.1999) (federal preemption of county ordinance not so "readily apparent" as to defeat *Younger* abstention); *GTE Mobilnet of Ohio v. Johnson*, 111 F.3d 469, 475 (6th Cir.1997) (federal court need not abstain if preemption argument is "facially conclusive"); *Chaulk Services, Inc. v. Massachusetts Comm'n Against*

*Discrimination,* 70 F.3d 1361, 1370 (1st Cir.1995) (collecting cases that deem. *Younger* abstention inappropriate when claim of preemption is "facially conclusive" or "readily apparent.") *See also Midwestern Gas Transmission Co. v. McCarty,* 270 F.3d 536, 539 (7th Cir.2001) (no basis for invoking *Younger* if state seeks to regulate activities "clearly" under exclusive federal control).

*Stone & Webster* and *Marshall* can be reconciled with these post-*NOPSI* cases from other Circuits because they involved ERISA, which has an expansive preemption clause establishing employee benefits regulation as an exclusively federal concern. In an ERISA preemption case, the preemptive effect of ERISA is likely to be clear. Importantly for this case, the scope of FIFRA preemption is comparatively limited. FIFRA contemplates cooperation between the federal government and the states in its regulatory scheme. "The states have joint control with the federal government in regulating the use of pesticides ... with the exception of the EPA's exclusive supervision of labeling." *New York State Pesticide Coalition, Inc. v. Jorling,* 874 F.2d 115, 118 (2d Cir.1989) (citation omitted).[5]

Assuming the Second Circuit would follow. *NOPSI* and join other Circuits in adopting some variant of the "facially conclusive" or "readily apparent" standard, I conclude that Terminix is not entitled to relief. Whether the challenged regulation governs labeling or use is an issue of first impression. *See Woodfeathers, Inc.,* 180 F.3d at 1022 (preemption not readily apparent when case presents issue of first impression). It is not clear from the text of the regulation and FIFRA that the regulation governs labeling, as opposed to use.[6] Resolving this unsettled issue would require careful consideration of the authority granted to states to regulate use but not labeling, as well as a factual inquiry concerning DEP's interpretation of the regulation. *NOPSI* indicates that when such an inquiry is required, the preemption claim cannot be regarded as "facially conclusive." *See* 491 U.S. at 367, 109 S.Ct. 2506 ("what requires further factual inquiry can hardly be deemed 'flagrantly' unlawful for purposes of a threshold abstention determination.").

Terminix contends that the preemptive effect of FIFRA becomes "readily apparent" after considering the strength of the parties' arguments. Those arguments take account of many factors, including the stipulation regarding DEP's interpretation of the regulation. *See* Pl.'s Mem. of Law in Further Support of Summ. J.. at 17. Preemption that reveals itself only after thorough consideration of extensive legal and factual arguments does not strike me as "readily apparent." In any event, I disagree with Terminix that the parties' papers make the preemptive effect of FIFRA so clear that equitable relief is warranted. . After careful review of the parties' papers, I am satisfied that this is not a case of "[m]ere defiance of clear federal law removing an area from potential state regulation." *Midwestern Gas Transmission Co.,* 270 F.3d at 539. In my view, the preemption issue is sufficiently uncertain

---

5. *In re Pan American Corp.,* 950 F.2d 839, 847 (2d Cir.1991) a post-*NOPSI* case, cites the *Stone & Webster* footnote for the proposition that abstention is inappropriate in a preemption case. That case also can be distinguished for its concern with preemption under the Warsaw Convention, which is more analogous to the broad, facially conclusive

preemption of ERISA than to the limited preemption of FIFRA.

6. FIFRA defines labeling as "all labels and all other written, printed, or graphic matter...accompanying the pesticide ... at any time." 7 U.S.C. § 136(p)(2).

to present a fair ground for litigation, one that can and should be adjudicated in the pending proceedings.

### III. *Conclusion*

Accordingly, DEP's summary judgment motion [doc. # 26] is granted and plaintiff's [doc. # 12] is denied. The Clerk may enter judgment and close the file.

So ordered.